## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 09 2020, 8:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Valerie K. Boots
Ellen M. O'Connor
Marion County Public Defender Agency
– Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Christopher A. Bracken,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 9, 2020

Court of Appeals Case No.
20A-CR-503

Appeal from the Marion Superior Court

The Honorable Grant W. Hawkins, Judge

Trial Court Cause No.
49G05-1909-F5-35958

**Mathias, Judge.**

[1] Christopher Bracken ("Bracken") was convicted in Marion Superior Court of two counts of Level 5 felony failure to register as a sex offender and Class A

misdemeanor possession of paraphernalia. He was ordered to serve an aggregate six-year sentence. Bracken appeals and argues that his sentence is inappropriate in light of the nature of the offense and the character of the offender.

[2] We affirm.

## Facts and Procedural History

[3] On March 19, 2003, Bracken was convicted of rape and ordered to register as a sex offender. In 2013, Bracken was convicted of failure to register as a sex offender. Bracken was again convicted of failure to register as a sex offender in 2019 under cause number 49G06-1802-F5-3945 ("Cause 3945").

[4] As a result of the 2019 conviction and a subsequent probation violation, Bracken was placed on GPS monitoring. On August 16, 2019, Bracken reported to the Marion County Sheriff's Office Sex or Violent Offender registry and registered his address as 1634 Winfield Avenue in Indianapolis.

[5] In September 2019, on several dates, Bracken's GPS monitor did not record any location hits at his registered address. A sheriff's deputy attempted compliance checks on September 9 and 11, but no contact was made with Bracken on either date. On September 11, 2019, the deputy spoke to Bracken's next-door neighbor who recognized Bracken's picture and stated she had not seen him in several days.

That same day, sheriff's deputies located Bracken at a laundromat on the eastside of Indianapolis by using his GPS tracking monitor. Bracken was arrested, and during the search incident to arrest, officers found a clear pipe typically used for ingesting methamphetamine or crack cocaine. Bracken admitted he had not lived at his registered address for several days and stated that he was homeless.

Bracken was charged with two counts of Level 5 felony failure to register as a sex offender. He was also charged with Class A misdemeanor possession of paraphernalia.[1] As a result of the charges and other alleged probation violations, on September 17, 2019, the State also filed a notice of probation violation in Cause 3945.

Bracken agreed to plead guilty without the benefit of a plea agreement and his guilty plea hearing was held on January 31, 2020. The State established a factual basis for the charged crimes and Bracken pleaded guilty as charged. His probation in Cause 3945 was also revoked.

At the sentencing hearing held the same day, the trial court weighed Bracken's significant criminal history against his guilty plea and acceptance of responsibility. Tr. pp. 24–25. Bracken's adult criminal history dates back to 1989 and includes several probation and community corrections violations, six

---

[1] Bracken has a 2019 conviction for possession of paraphernalia, which elevated the charge in this case to a Class A misdemeanor.

misdemeanor convictions, and eleven felony convictions for auto theft, rape, criminal deviate conduct, criminal confinement, escape, robbery, carrying a handgun without a license, and failure to register as a sex offender.

[10] Bracken attributed much of his criminal history and homelessness to his issues with substance abuse. Bracken informed the court that he began using illegal substances after his mother died of cancer when he was sixteen years old. Bracken admitted to using cocaine and marijuana. Bracken stated he smoked marijuana on a daily basis before he was arrested in this case. Bracken was diagnosed with depression after he participated in a mental health evaluation at the Marion County Jail.

[11] After considering the aggravating and mitigating circumstances, the court ordered Bracken to serve concurrent terms of six years in the Department of Correction ("DOC") for the Level 5 felony failure to register convictions and a concurrent term of 190 days for the possession of paraphernalia conviction. In Cause 3945, the court revoked 1,095 days of Bracken's probation. The court ordered the aggregate six-year sentence in this case to be served consecutive to the sentence in Cause 3945. The court stated it would reconsider Bracken's placement after three calendar years if he has successfully completed programs available to him in the DOC and has both a place to live and available employment.

[12] Bracken now appeals his sentence.

# Discussion and Decision

[13] Bracken argues that his aggregate six-year sentence is inappropriate. Pursuant to Indiana Appellate Rule 7(B), "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." We must exercise deference to a trial court's sentencing decision because Rule 7(B) requires us to give due consideration to that decision, and we understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Rose v. State*, 36 N.E.3d 1055, 1063 (Ind. Ct. App. 2015). "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[14] The determination of whether we regard a sentence as inappropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Bethea v. State*, 983 N.E.2d 1134, 1145 (Ind. 2013) (quoting *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008)). The applicable question is not whether another sentence is more appropriate, but whether the sentence imposed is inappropriate. *Rose*, 36 N.E.3d at 1063.

[15] Although we have the power to review and revise sentences, the principal role of appellate review should be to attempt to "leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell*, 895 N.E.2d at 1225. Our review under Rule 7(B) should focus on "the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* And it is the defendant's burden on appeal to persuade us that the sentence imposed by the trial court is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[16] The sentencing range for a Level 5 felony is between one and six years. Ind. Code § 35-50-2-6. Bracken was ordered to serve the maximum six-year sentence for each Level 5 felony failure to register conviction. Bracken was ordered to serve 190 days for his possession of paraphernalia conviction, which is less than the maximum one-year sentence that may be imposed for a Class A misdemeanor conviction. *See* Ind. Code 35-50-3-2. Bracken was ordered to serve his sentences concurrently for an aggregate sentence of six years.

[17] We agree with Bracken that there are no facts surrounding the nature of his offenses that would support a maximum sentence for failure to register as a sex offender. However, Bracken's character, particularly his prior criminal history, more than supports his aggregate six-year sentence.

[18]     Bracken's prior criminal history consists of eleven prior felony convictions, lengthy terms of imprisonment, and several probation and community corrections violations. Bracken has two prior convictions for failing to register as a sex offender. He committed these current offenses while his was on probation for his 2019 failure to register conviction. His other felony convictions include the violent offenses of rape, criminal confinement, and robbery. Bracken also admitted to cocaine use and smoking marijuana every day prior to his arrest in this case.

[19]     Bracken has been given the benefit of lenient sentences in the past but has not taken advantage of the opportunity for rehabilitation. In this case, Bracken accepted responsibility and pleaded guilty to the offenses he committed, a fact that reflects well on his character. For that reason, the trial court informed Bracken that it would consider modification to Bracken's placement after three calendar years[2] if Bracken successfully completed programming provided by the DOC and has both a place to live and available employment.

## Conclusion

[20]     Although Bracken accepted responsibility for the offenses he committed, he has not demonstrated that he is able to lead a law-abiding life or that he has taken advantage of prior opportunities for rehabilitation. For this reason, Bracken has

_____

[2] Bracken was ordered to serve the three-year sentence imposed for the probation violation in Cause 3945 before serving the six-year sentence imposed in this case.

not persuaded us that his aggregate six-year sentence is inappropriate in light of the nature of the offense and the character of the offender.

[21] Affirmed.

Bradford, C.J., and Najam, J., concur.